UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| Kathryn Cotton | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO. : 1:16-CV-00146 |
| | § | |
| | § | |
| Delaware Life Insurance Company | § | |
| | § | |
| | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT WITH JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Kathryn Cotton, Plaintiff herein, complaining of Delaware Life Insurance Company (hereinafter referred to as "Delaware Life"), formerly known as Sun Life Assurance Company of Canada, and for cause of action would show:

1. Plaintiff is a resident of Lago Vista, Travis County, Texas.

2. Defendant, Delaware Life Insurance Company, is an insurance corporation duly and legally formed under the laws of the state of Delaware, which is authorized to conduct and does business in the State of Texas, and may be served with citation herein by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Jurisdiction is appropriate in this court as the matter in controversy arises between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

4. All conditions precedent to Plaintiff's recovery under all causes of action against Defendant, Delaware Life, set forth herein have been performed or have occurred.

5. By virtue of her employment as an Administrative Assistant with the Round Rock Independent School District, Plaintiff was eligible for disability benefits with Delaware Life.

6. Plaintiff entered into a contract with Delaware Life. Delaware Life promised to pay benefits under a policy entitled "Long Term Disability Policy" in exchange for premiums paid by Plaintiff.

7. Plaintiff's was employed by the Round Rock Independent School District in 2012 when she became disabled. Plaintiff suffers from debilitating lower back and leg pain, as well as carpal tunnel syndrome. In December, 2012, she had an anterior lumber interbody arthrodesis at L5/SI with anterior plate placement. Due to continued back pain and complications, she had the posterior lumber hardware removed in June 2013. Since the surgery, she has had a series of four radiofrequency ablations on the cervical, lumbar, and sacral spine. Recent lumber spine CT myelograms show an incomplete fusion at the L5-S1 levels and loosening of her S5 and S1 pedicle screws, resulting in post-laminectomy syndrome and chronic pain syndrome.

8. Plaintiff applied for long term disability benefits with Delaware Life and was initially approved, but subsequently denied effective April 1, 2015. Delaware Life contends Plaintiff did not meet the definition of disability under the plan after that date.

9. Plaintiff filed an appeal of Delaware Life's discontinuation of her benefits on July 11, 2015 and was wrongfully denied on September 29, 2015. Plaintiff has exhausted her administrative remedies.

10. Defendant Delaware Life breached its contract of insurance with plaintiff. Although Plaintiff submitted a claim under her policy, Defendant wrongfully and with malice discontinued benefits which should have been covered.

11. Plaintiff's long term disability policy provides benefits until age 65 so long as Plaintiff continues to be disabled. Assuming a gross monthly disability benefit of $1,544.03, Plaintiff is owed $15,787.17 in past due benefits. Future benefits for the period February 6, 2016 to December 18, 2019 total $71,622.36. All told, Plaintiff is owed $73,166.39 in past and future disability benefits.

12. In addition to breaching its contract of insurance, Defendant violated certain provisions of the Texas Insurance Code. Defendant engaged in unfair, deceptive acts, and made material misrepresentations to Plaintiff about the terms of the contract and the benefits payable under the contract. As a result of Defendant's conduct, Plaintiff was compelled to hire an attorney and institute this law suit.

    A. Section 541.060 (a)(2)(A) – Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which its liability was clear.

    B. Section 541.060 (a)(7) – Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim.

13. All of the above violations fall under Subchapter B of the Texas Insurance Code defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Plaintiff is, therefore, entitled under the Insurance Code to recover her damages plus treble damages, plus attorney's fees, and interest. Tex. Ins. Code § 541.152.

14. Defendant engaged in unfair claim settlement practices as defined under the Texas Insurance Code.

   A. Section 542.003 (b)(3) – Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under its policy.

   B. Section 542.003 (b)(4) – Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability was reasonably clear.

   C. Section 542.003 (b)(5) – Defendant compelled Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount recovered at trial.

15. All of the above violations fall under Subchapter 542 of the Texas Insurance Code and are defined to be unfair claim settlement practices. Plaintiff is, therefore, entitled under the Insurance Code to recover his damages, plus attorney's fees, and interest at a rate of 18%. Tex. Ins. Code § 542.060.

16. Pleading further, Plaintiff would show that she is entitled to declaratory relief, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The conduct of Defendant, as described above, creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Plaintiff, therefore, requests this Court exercise its power afforded under § 37.001 et. Seq. of the Texas Civil Practice and Remedies Code, and declare the specific rights and status of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is defined by the policy.

17. Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees which are equitable and just under § 37.009 of the Texas Civil Practice and Remedies Code, § 38.001 of the Texas Civil Practice and Remedies Code, and Chapters 541 and 542 of the Texas Insurance Code.

18. Plaintiff hereby makes application and demand for jury trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein and answer, and that Plaintiff recover her damages, statutory additional damages, treble damages, exemplary damages, reasonable attorney's fees, and costs incurred in prosecuting this lawsuit as well as pre- and post-judgment interest at the highest lawful rates, costs of court, clarification of his right to receive future benefits under the policy, and for such other general relief to which Plaintiff may show herself justly entitled under the attending facts and circumstances.

Respectfully submitted,

Bemis, Roach & Reed
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: _____
GREG REED
State Bar No. 16677750